UNITED STATES, Appellee,

v.

Private First Class Kenneth B. BOEH-
NER, SSN 135–52–9371, United
States Army, Appellant.

CM 439534.

U. S. Army Court of Military Review.

27 April 1981.

Major Elliot J. Clark, Jr., JAGC, argued the cause for appellant. With him on the pleadings were Captain James A. McAtamney, JAGC, and Captain Charles E. Trant, JAGC.

Captain Peter M. Donawick, JAGC, argued the cause for appellee. With him on the pleadings were Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, and Major Robert B. Williams, JAGC.

Before JONES, GARN and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

The appellant was tried on the 91st day of his pretrial confinement. His motion to dismiss for want of a speedy trial was denied by the military judge. We must determine if that ruling was correct.

In *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971), the Court of Military Appeals, to correct the nagging problem of delays in trials of accused in pretrial confinement, established a time frame for trials as follows:

For offenses occurring after the date of this opinion .... we adopt the suggestion of appellate defense counsel that in the absence of a request for continuance, a presumption of an Article 10 violation will exist when pretrial confinement exceeds three months. In such cases, this presumption will place a heavy burden on the Government to show diligence, and in the absence of such a showing, the charges should be dismissed. 44 C.M.R. at 172.

The *Burton* rule, as it quickly was called, was amplified by subsequent cases treating the computation of the three month (90 day) time limit and the identification of extraordinary circumstances necessary to meet the heavy burden upon the Government of showing diligence.

█ The first step that must be taken in addressing the speedy trial issue is to determine whether *Burton* applies, i. e., whether the pretrial confinement exceeds 90 days, taking into account defense requested delays. If it exceeds the magic number, 90, then we must determine whether the Government has met its heavy burden of showing diligence to overcome the presumption of an Article 10, Uniform Code of Military Justice, 10 U.S.C. § 810, violation.

In the instant case, the appellant established a prima facie *Burton* violation by the undisputed showing that the trial did not occur until the 91st day. The Government defended by arguing (1) that several defense requested delays reduced the time frame below 90 days, and (2) that assuming a 90-day violation, there was an extraordinary circumstance in that the Government had to defer the case until after the trial of an accomplice who was needed as a witness against the appellant.

█ The military judge denied the appellant's motion to dismiss for want of speedy trial. He mentioned in passing defense re-

quested delays and extraordinary circumstances, without specifying which delays were properly chargeable to defense or what were the extraordinary circumstances, but he placed primary reliance for his ruling on the fact that "the accused has simply sat on his rights...." [1] We think the military judge's ruling was correct but for a reason other than the principal one stated.

We begin with an examination of the various delays requested by the defense. If even one of the delays is chargeable to the defense, the time will be reduced to 90 days and *Burton* will not apply. First, the defense counsel requested a three-day delay (8–10 Jan) in the initial session of the Article 32 investigation.[2] That was granted. Then he requested a lineup for the session that was reset for 11 January. Subsequently at that hearing, he objected to the lineup as being too suggestive. The investigating officer then reset the hearing for 14 January but the defense counsel requested another delay because he had a trial on that date. The investigation was conducted on 15 January.

The reason for the requested delay on 8 and 9 January was to permit the defense counsel to attend the two-day seminar on the new military rules of evidence. Also attending were the trial counsel who acted as counsel for the prosecution at the investigation and the military judge. The appellant says the Government required attendance at the seminar and points to *United States v. Powell*, 2 M.J. 849 (ACMR 1976), which holds that when the Government requires the defense counsel to attend a course of instruction, that period of absence would not be chargeable to the defense. Whether *Powell* is still good law is problematical since the advent of the Trial Defense Service which controls the availability of defense counsel. In any event we will give

---

1. Insofar as the running of the 90-day period was concerned, the defense counsel had no duty to advise the prosecution or the military judge that the time limit was going to be exceeded. We agree with the defense that the prosecution can count and that the prosecution had the burden of getting the case to trial

within 90 days. We see no ethical implication in the defense counsel's inaction.

2. The investigating officer had postponed an even earlier session due to the absence of a key witness.

the appellant the benefit of the doubt in this instance, especially because the trial counsel who was a participant in the Article 32 investigation was attending the seminar and also presumably unavailable.

 Turning to the next day, January 10th, the defense counsel asked for a delay to allow him more time to prepare for the Article 32, to prepare for a trial on the 14th, and to counsel his Article 15 clients. The appellant contends that this delay in no way hindered the Government in the processing of its case, citing opinions of this Court in *United States v. O'Neal*, 48 C.M.R. 89 (ACMR 1973); and *United States v. Anderson*, 49 C.M.R. 37, 39 (ACMR 1974). Also supporting that position was *United States v. Driver*, No. 429661 (ACMR 4 January 1974). Unfortunately for appellant those cases were overruled by the Court of Military Appeals in its consideration of Driver's petition. In its opinion the Court stated that where the delay was for the "convenience and benefit" of the defense it is chargeable to the defense. *United States v. Driver*, 23 U.S.C.M.A. 243, 49 C.M.R. 376 (1974). The Court held the delay to be deductible without regard to whether it hindered the Government in processing the case to trial.

The rationale of *Driver* is applicable here. The delay for January 10th was one for the sole benefit of the defense. It is therefore chargeable to the defense and deductible. That reduces the period to 90 days and *Burton* is not applicable. It then becomes unnecessary to determine whether the one day delay on January 14th was deductible or whether the need to defer this trial until after the accomplice was tried was an extraordinary circumstance within the meaning of *United States v. Johnson*, 3 M.J. 143 (CMA 1977).

 Even though *Burton* does not apply, we still must evaluate appellant's speedy trial motion in light of Article 10, UCMJ. Among the factors which can be considered are the total length of the delay, the absence of a defense request for speedy trial (which the military judge primarily relied on), the need to defer the case until after the trial of an accomplice, the diligence with which the Government proceeded, and the prejudice to the accused that may have resulted from any delay. In this instance the delay was relatively short, the appellant did not demand trial, the Government had a valid reason for delay, and there appeared to be no prejudice to the appellant. For these reasons the speedy trial motion was properly denied.

The findings of guilty and the sentence are affirmed.

Judge GARN and Judge LEWIS concur.