UNITED STATES, Appellee,

v.

Donald E. McCALLISTER, Jr., Staff
Sergeant, U.S. Army, Appellant.

No. 58,793.
CM 448748.

U.S. Court of Military Appeals.

Sept. 30, 1988.

For Appellant: *Captain James E.
O'Hare* (argued); *Lieutenant Colonel Joel
D. Miller, Major Stewart C. Hudson, Captain William E. Slade* (on brief); *Colonel
John T. Edwards, Lieutenant Colonel
Charles A. Zimmerman,* and *Captain
Donald G. Curry, Jr.*

For Appellee: *Captain Margaret A.
Schuyler* (argued); *Colonel Norman G.
Cooper, Lieutenant Colonel Gary F. Roberson, Major Kathryn F. Forrester, Captain Bryant G. Snee* (on brief).

*Opinion of the Court*

COX, Judge:

Staff Sergeant McCallister was tried before a military judge sitting alone as a general court-martial at Fort Bragg, North Carolina, on January 27 and February 3 and 4, 1986. He was charged with desertion, several specifications of larceny, and several specifications of dishonorable failure to pay debts. After entering mixed pleas, he was found guilty of the lesser-included offenses of absence without leave and wrongful ap-

propriation of personal property, in violation of Articles 86 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 921, respectively. He was sentenced to a bad-conduct discharge, confinement for 10 months, total forfeitures, and reduction to pay grade E–1, which the convening authority approved. On August 15, 1987, the Court of Military Review held that appellant had been denied a speedy trial with regard to the offense of absence without leave, and set aside and dismissed the findings of guilty to that charge and specification. The remaining offense of wrongful appropriation of personal property was affirmed, and a rehearing on sentence was authorized. 24 M.J. 881. The convening authority determined that a rehearing on sentence was not practicable, so no sentence has been approved.

This Court granted review to determine:

WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED BY FINDING THAT THE SPEEDY TRIAL CLOCK DID NOT BEGIN TO RUN ON THE WRONGFUL APPROPRIATION CHARGE UNTIL APPELLANT WAS PLACED IN PRETRIAL CONFINEMENT AND BY HOLDING THAT APPELLANT WAS NOT DENIED HIS RIGHT TO A SPEEDY TRIAL DESPITE APPLICATION OF THE "DEMAND PRONG" OF *UNITED STATES V. BURTON*.[1]

■ The facts pertinent to the issue are set forth in detail in the Court of Military Review's opinion. 24 M.J. at 890. The court determined that appellant's placement in pretrial confinement on November 8, 1985, was based in part on the wrongful-appropriation charge at issue, and correctly applied the provisions of R.C.M. 707(b)(4), Manual for Courts-Martial, United States,

1984, in starting the speedy-trial clock on November 9, 1985.[2] It calculated that appellant spent 87 days in pretrial confinement before trial commenced on February 3, 1986, and that the Government was chargeable for less than that number. Therefore, appellant's court-martial for this offense was timely under the standards of R.C.M. 707(a) and (d), and the 90–day rule set forth in *United States v. Burton*, 21 U.S.C.M.A. 112, 118, 44 C.M.R. 166, 172 (1971).[3] The evidence of record supports this finding, and it will stand.

■ The second part of the granted issue is more complex, in that appellant challenges the correctness of the majority opinion of the Court of Military Review's application of the Sixth Amendment balancing test set forth in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), to determine whether there was a violation of the "demand" prong of *Burton*. We agree there was no violation of the demand prong and affirm.

Appellant made a verbal request for speedy trial on November 12, 1985, and he made a written demand 2 days later. Because he was in confinement, the Government was charged under the "demand prong" of *Burton* to "respond to the request and either proceed immediately or show adequate cause for any further delay." *United States v. Burton, supra* at 118, 44 C.M.R. at 172. *See also United States v. Johnson*, 1 M.J. 101, 105–06 (C.M.A.1975). Appellant asserts that he was denied a speedy trial because the Government made no specific response to these demands and failed to show adequate cause for not immediately going to trial.

---

1. *United States v. Burton,* 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971).

2. R.C.M. 707(b)(4) states:
   *Multiple charges.* When charges are preferred at different times, the inception for each shall be determined from the date on which the ac-

cused was notified of preferral or on which restraint was imposed on the basis of that offense.

3. *See United States v. Harvey,* 23 M.J. 280 (C.M.A.1986).

The Court of Military Review, noting that "[a] demand for speedy trial may be answered by actions, as well as words," found that appointment of the Article 32, UCMJ, 10 U.S.C. § 832, Investigating Officer a week after written demand was made "was a sufficient response by the government to appellant's demands, and evidence of the government's due diligence toward a prompt disposition of the charges." 24 M.J. at 892. In arriving at this conclusion, the court applied the standards of *Barker v. Wingo, supra,* in conjunction with the *Burton*-demand rule.

When this Court announced its decision in *Burton,* it did so in response to the urging of appellate defense counsel that we "promulgate new guidance for determining compliance with the speedy trial provisions of the Sixth Amendment and Articles 10, 30(b), and 33, ... [UCMJ,] 10 USC §§ 810, 830(b), and 833," respectively. 21 U.S.C.M.A. at 117, 44 C.M.R. at 171. Both the "3–month" rule and the "demand prong" of *Burton* were products of an environment in which virtually no guidance was available to assist military judges in applying the Uniform Code's speedy-trial guarantees.

Accordingly, the Court determined that a confined accused can and must be brought to trial within 3 months from his incarceration—a period subsequently clarified to mean 90 days. *See United States v. Driver,* 23 U.S.C.M.A. 243, 49 C.M.R. 376 (1974). Additionally, in recognition that not all cases need even that long to reach trial, the Court also required that, if an accused "requests a speedy disposition of the charges, the Government must respond to the request and either proceed immediately or show adequate cause for any further delay." 21 U.S.C.M.A. at 118, 44 C.M.R. at 172.

Since our decision in *Burton,* the President has promulgated a comprehensive set of rules designed to promptly process all cases for trial—regardless whether the accused is confined—and, at the same time, to acknowledge certain practical impediments to that process which may, from time to time, excuse some delay. *See* R.C.M. 707. At the same time, this Court has continued to enforce the 90–day rule for accused in pretrial confinement or its equivalent and the "demand prong" of *Burton* as well.[4] *See United States v. Harvey,* 23 M.J. 280 (C.M.A.1986).

All along, of course, an accused's Sixth Amendment right to speedy trial has been recognized and enforced under the standard established by the Supreme Court in *Barker v. Wingo, supra. See United States v. Grom,* 21 M.J. 53 (C.M.A.1985), *cert. denied,* 475 U.S. 1083, 106 S.Ct. 1462, 89 L.Ed.2d 718 (1986).

■ We are now of the view that the "demand prong" of *Burton* no longer serves a useful function as a distinct means to the end of a speedy trial. An incarcerated accused must, with extraordinary exceptions, be brought to trial within 90 days of his imprisonment (*Burton*); all accused, whether incarcerated or not, must, consistent with R.C.M. 707 and with specific exceptions, be brought to trial within 120 days from "notice to the accused of preferral of charges" or from "imposition of restraint," *see* R.C.M. 707(a); and any claim of denial of a Sixth Amendment speedy trial will be examined under the four-part analysis set forth in *Barker v. Wingo, supra*—one element of which includes an accused's demand for speedy trial. This Court's experience since the promulgation of R.C.M. 707 satisfies us that any purpose sought to be served originally by the "demand prong" of *Burton* now is fully met

---

**4.** We note that R.C.M. 707(d), Manual for Courts-Martial, United States, 1984, incorporates the 90–day rule. *See* Drafters' Analysis, *id.*

at A21–38 (Change 3), and no case has been made for a longer period.

by the three sets of protection just mentioned.

Accordingly, the part of *Burton* which sets out a distinct right to a speedy trial based simply on an accused's demand therefor is overruled, prospectively. *United States v. Carter*, 25 M.J. 471, 477 (C.M.A.1988). We have complete confidence that conscientious judicial enforcement of *Burton*'s 90–day rule, R.C.M. 707, and the Sixth Amendment will adequately safeguard an accused's right to a speedy disposition of charges against him.

Our examination of the record before us now leads us to agree that appellant was not denied his right to speedy trial.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge SULLIVAN concur.