**UNITED STATES, Appellee,**

v.

**Jerry D. COOK, Staff Sergeant, U.S. Air Force, Appellant.**

No. 58,284.
ACM 25406.

U.S. Court of Military Appeals.

Oct. 24, 1988.

For Appellant: *Captain Lynne H. Wetzell* (argued); *Colonel Leo L. Sergi* (on brief); *Major Charles L. Wille.*

For Appellee: *Major Carole W. Hanson* (argued); *Colonel Joe R. Lamport* and *Lieutenant Colonel Robert E. Giovagnoni* (on brief); *Captain Marc Van Nuys; Captain Robert L. Marconi, USAFR.*

*Opinion of the Court*

COX, Judge:

This is yet another case requiring us to rule upon whether appellant was deprived of his right to a speedy trial under R.C.M. 707, Manual for Courts-Martial, United States, 1984. Staff Sergeant Cook was tried at Tyndall Air Force Base, Florida, by a general court-martial with members, and he contested all the charges. He was convicted of one specification of distribution of 0.936 grams of cocaine, two specifications of larceny by false pretenses, and one specification of presenting a false claim, in vio-

lation of Articles 112a, 121, and 132, Uniform Code of Military Justice, 10 U.S.C. §§ 912a, 921, and 932, respectively. The larceny and false-claim charges were based on allegations that appellant had obtained dependent-rate Basic Allowance for Quarters (BAQ), Variable Housing Allowance (VHA), Family Separation Allowance (FSA), and dependent travel and dislocation allowance by representing that he was married, when he was in fact divorced. He was sentenced to a bad-conduct discharge, confinement for 1 year, total forfeitures, and reduction to pay grade E–1, which the convening authority approved. The Court of Military Review affirmed. 23 M.J. 882 (1987).

We granted review of three issues.[1] Because we decide the case on the basis of speedy trial and deprivation of counsel, we do not reach the question of whether appellant was denied his right of confrontation. We will discuss the speedy trial issue first. The Court of Military Review addressed this issue in its opinion below and prepared a chronology. 23 M.J. at 887, Appendix. We adopt the dates but not the characterizations or the allocations of delay presented therein.[2]

It is clear that this case was not prosecuted with a constant view towards day 120. *See United States v. Carlisle*, 25 M.J. 426, 428 (CMA 1988). It is only the military judge's designation of 14 days as

1. We granted review of the following issues:

I

WHETHER THE MILITARY JUDGE ERRED BY DENYING APPELLANT'S MOTION TO DISMISS UNDER R.C.M. 707, BECAUSE THE CHARGES IN QUESTION WERE NOT BROUGHT TO TRIAL WITHIN 120 DAYS OF PREFERRAL. [*See* 26 MJ 56.]

II

WHETHER THE MILITARY JUDGE ERRED BY HOLDING, IN EFFECT, THAT APPELLANT WAIVED HIS RIGHT TO CONFRONT A GOVERNMENT WITNESS BY FAILING TO TIMELY REQUEST THE WITNESS' APPEARANCE AT TRIAL.

III

WHETHER THE MILITARY JUDGE ERRONEOUSLY REQUIRED APPELLANT TO EITHER PERMIT CAPTAIN LANGLEY'S WITHDRAWAL OR FOREGO HER TESTIMONY ON THE SPEEDY TRIAL MOTION, THEREBY DEPRIVING APPELLANT OF HIS RIGHT TO DESIGNATED COUNSEL.

2. The Court of Military Review's chronology is modified by the items in brackets as follows:

| Date | | Event | | |
|---|---|---|---|---|
| 30 Sep | 85 — | Appellant notified of preferred charges | Day | 0 |
| 1 Oct | 85 — | Defense requests delay in Art. 32 until 7 Oct. 85. Granted. [Government requests assistance from OSI to locate civilian witness.] | Day | 1 |
| 7 Oct | 85 — | Hearing of first Art. 32 held | Day | 7 |
| 15 Oct | 85 — | First Art. 32 forwarded to GCM | Day | 15 |
| Oct–Nov | 85 — | GCM reviews and directs a new Art. 32 | | |
| 5 Nov | 85 — | Defense requests four witnesses which it had requested at first Art. 32 | Day | 36 |
| Oct–Nov | 85 — | Government decides to produce the four requested witnesses at Art. 32 | | |
| [3 Dec | 85 — | Charges withdrawn | | |
| 11 Dec | 85 — | Charges repreferred and Charge III added] | | |
| 12–13 Dec | 85 — | Second Art. 32 hearing held with the four requested witnesses in attendance | Day | 74 |
| 30 Jan | 86 — | GCM refers charges to trial | Day | 122 |
| 12 Feb | 86 — | Art. 39(a) session convenes | Day | 135 |
| 13–15 Feb | 86 — | Motions considered in Art. 39(a) session | Day | 138 |
| 15 Feb | 86 — | Defense orally requests continuance until 18 Feb 86. Granted. | | |
| 18 Feb | 86 — | Evidence on merits presented to factfinders | Day | 141 |

Deductions from 141 days:

6 days for defense request for delay in first Art. 32.

\* \* \*

3 days for consideration of motions.

2 days for defense requested continuance of trial.

Deductible delays total [11] days. [11] days subtracted from 141 days equals [130] days. 23 M.J. 882, 887 (1987).

defense delay for purposes of obtaining witnesses at the second Article 32, UCMJ, 10 U.S.C. § 832, hearing that brings this case within the limits of the 120 days set by R.C.M. 707. We find that this designation is not supported by the evidence of record. *See United States v. Burris*, 21 M.J. 140 (CMA 1985). Accordingly, appellant's convictions of the offenses under Articles 121 and 132 cannot stand.

Our examination of the record comports with the findings presented by Senior Judge Sessoms in his dissenting opinion in this case. 23 M.J. at 885. The record reveals that, upon learning that the Government planned to conduct the Article 32 hearing upon written statements alone and without live witnesses, defense counsel made a request that the Government produce its witnesses so they could be cross-examined. The investigating officer denied the defense request. The first Article 32 investigating officer's report was prepared based solely upon sworn statements provided by the Government.

Upon review of the investigating officer's report, the staff judge advocate of the next higher command returned the case and directed that a second Article 32 hearing be held to perfect the Government's case. Defense counsel offered to waive the second Article 32 investigation, but when she learned that it would go forward, she renewed her request that the Government produce its witnesses. Unbeknownst to defense counsel, as part of the process of perfecting the Government's case, it was suggested that the Government provide its live witnesses in lieu of their statements. The Government's witnesses were present at the second Article 32 hearing, and a civilian witness, appellant's ex-wife, was also deposed at that time so that the Government could preserve her testimony in anticipation that she might be unavailable for the court-martial. As trial counsel admitted in his argument contesting the motion to dismiss for lack of speedy trial, the delay to obtain these witnesses for the Article 32 hearing was necessary to the prosecution's case.

■ In *United States v. Carlisle, supra* at 428, we made the point that R.C.M. 707 is not "a numbers game—where days are just added and subtracted, a day or two here or there ... deciding later if the rule has been honored or broken." We take this opportunity to reiterate that "each day that an accused is available for trial is chargeable to the Government, unless a delay has been approved by either the convening authority or the military judge, in writing or on the record." *Id.* (citations omitted).

In this case, defense counsel testified on the motion [3] that at no time did she request a delay when she requested that the Government present its witnesses at the Article 32 hearing, and the Government did not inform her that her request would engender a delay in proceeding to trial. On appeal, the Government argues that the act of requesting that the Government produce its witnesses constituted acquiescence to a "reasonable" period of delay for the purposes of obtaining the witnesses. *See* R.C.M. 707(c)(3).[4] This argument is based on the military judge's examination of defense counsel as follows:

MJ: [W]hen you made the request for witnesses, you must have known there was going to be some delay in bringing in people from Washington state, Philip-

---

**3.** In some situations, a lawyer may find it necessary to testify. When it is on a procedural, administrative, or collateral matter, he or she ordinarily need not be disqualified as counsel. *See United States v. Baca*, 27 M.J. 110, 119 (CMA 1988)(Cox, J., concurring).

**4.** The Government's alternative theory was that the delay in proceeding to trial was properly excludable under R.C.M. 707(c)(5)(A). This rule provides for exclusion where:

The delay or continuance is granted because of unavailability of substantial evidence relevant and necessary to the prosecution's case when the Government has exercised due diligence to obtain such evidence and there exists at the time of the delay grounds to believe that such evidence would be available within a reasonable time....

We find the record does not support this theory.

pines, Germany, and New York for the Article 32 investigation.

WIT: Um hum. I didn't expect it the next week. Certainly not, sir.

MJ: And how long did you expect that there would be a delay at the time of your request?

WIT: I guess I really——I didn't stop to think how long it would be. . . .

MJ: So you knew that your request was going to cause some delay in the second Article 32 investigation, but you never really formed in your own mind an opinion as to how long that might be?

WIT: Yes, that's correct, sir.

MJ: Would it be fair to say you assumed it would be a reasonable period of time, whatever a reasonable period of time is?

WIT: Sure, sure, absolutely.

■■■ This type of informal, after-the-fact allocation to the defense of a "reasonable" period of delay does not meet the demands of R.C.M. 707. The burden is on the Government to bring an accused to trial within 120 days. When the defense moves to dismiss for lack of speedy trial, the burden of persuasion is on the Government to justify the delay. It is, therefore, incumbent upon the Government to make a proper record. *See United States v. Burris, supra.* The record in this case is insufficient to support the allocation of 14 days of delay to the defense.

■ The Article 112a offense is not affected by our disposition of the speedy-trial issue,[5] and, thus, we now turn to the question of whether appellant was deprived of his right to counsel. Appellant was represented at his court-martial by two detailed military counsel, Captain Langley, who was designated assistant defense counsel, and Captain Powell. Despite the appellation of "assistant defense counsel," Captain Langley had conducted all of the discovery and pretrial investigation in the case, including representing appellant at the two Article 32

investigations and the deposition of a key government witness, Mrs. McCauley, appellant's ex-wife. During litigation of the speedy-trial motion, the Government made several offers of proof regarding its diligence in processing the case for trial. The defense team was unable to stipulate to trial counsel's representations, and requested the court's permission to allow Captain Langley to take the stand to testify on the motion. Trial counsel then made additional proffers, and the military judge again asked defense if they would stipulate. Defense counsel offered to stipulate to those facts which were uncontested, but at this point, the judge determined that it would be "faster just to call the witnesses." The judge then expressed his concern that the defense planned to have Captain Langley take the stand, and he asked whether Captain Langley then intended "to withdraw from the case following her testimony." Captain Powell advised the judge that since the testimony would be offered only "for the limited purpose of" litigating the motion, they thought the ethical considerations would be minimal, "and with the permission of Sgt. Cook, the accused, we would ask that she [Captain Langley] be allowed to stay on." However, defense offered to have her withdraw in order to testify, "if His Honor feels that she should excuse herself." The military judge did not rule on the matter, but advised "the defense to be very careful how they proceed in this regard."

Ultimately, the Government produced witnesses on the motion, and the defense, to counter the Government's evidence, opted to have Captain Langley testify on the motion. The military judge explained to the accused that his options were to "relieve Captain Langley from the case" or "we may insist that she remain as your attorney in this case and not testify." This advice to appellant was in error. *See Unit-*

---

5. Charges I and II and their specifications were withdrawn on December 3, 1985. On December 11, 1985, these charges were repreferred, and Charge III and its specification were added. Therefore, the speedy-trial clock was not impli- cated as to Charge III. Of course, withdrawal and subsequent repreferral of the original charges did not toll the speedy-trial clock. *See United States v. Britton,* 26 M.J. 24 (CMA 1988).

*ed States v. Baca,* 27 M.J. 110, 119 (CMA 1988)(Cox, J., concurring). We commend Captain Powell for picking up the case and doing a fine job. However, "we are 'not ... disposed to engage in nice calculations as to the existence of prejudice.'" *Id.* at 119.

The decision of the United States Air Force Court of Military Review is reversed. The findings of guilty and the sentence are set aside. Charges I and II and their specifications are dismissed. The record of trial is returned to the Judge Advocate General of the Air Force. A rehearing may be ordered on Charge III and its specification and the sentence.

Chief Judge EVERETT concurs.

SULLIVAN, Judge (concurring in part and in the result):

I agree with the majority opinion except that I find there was sufficient evidence to attribute this 14-day delay to the defense.