**UNITED STATES**

v.

**Richard SOLORIO, Yeoman First Class, U.S. Coast Guard.**

**CGCM 9995.**
**Docket No. 894.**

U.S. Coast Guard Court of
- Military Review.

29 Aug. 1989.

Detailed Defense Counsel: LT A.M. Hochberg, USCG.

Appellate Government Counsel: LCDR Arthur R. Butler, USCG, LCDR R.T. Buckingham, USCG (On Brief and argued).

Appellate Defense Counsel: LCDR Robert Bruce, USCG (On Brief and argued), LCDR James Collin, USCG.

## EN BANC DECISION

BAUM, Chief Judge:

Appellant, after entering pleas of not guilty to all charges and specifications, was tried by general court-martial officer members and convicted of four specifications of indecent liberties with a child, two specifications of indecent acts with a child, and three specifications of lascivious acts with a child all in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934; two specifications of assault consummated by a battery on a child in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928; and one specification of attempted rape in violation of Article 80, Uniform Code of Military Justice, 10 U.S.C. § 880. He was sentenced to a bad conduct discharge, confinement for twelve months and reduction to pay grade E-2. The convening authority, after disapproving the finding of guilty of the lesser included offense of indecent acts with an-other under specification 1 of additional charge II in violation of Article 134, Uniform Code of Military Justice, approved the sentence as adjudged. Before this Court, appellant has submitted eleven assignments of error. After thorough review of those assignments, the briefs by appellate counsel, the voluminous record of trial and the oral arguments presented, we have resolved the matters raised and reached a decision as to findings and sentence.

### Assignment of Error I

In the first assignment, appellant contends that the military judge erred by failing to grant a motion to dismiss all charges and specifications for denial of his right to speedy trial. Appellant offers several arguments in support of computations that would place the trial's commencement date beyond the 120 day time limit set for bringing a case to trial by Rule for Courts–Martial 707, Manual for Courts–Martial, 1984. The basic issue, as seen by the government and by us, however, concerns the manner of treating the time following the ruling at this level on a government appeal under Article 62, Uniform Code of Military Justice, 10 U.S.C. § 862. This Court reversed the trial judge's dismissal of certain offenses for lack of "service connection," *U.S. v. Solorio*, 21 M.J. 512 (C.G.C.M.R. 1985), and appellant appealed, ultimately taking his case to the U.S. Supreme Court, where the jurisdictional requirement of "service connection" was renounced. *Solorio v. U.S.*, 483 U.S. 435, 107 S.Ct. 2924, 97 L.Ed.2d 364 (1987).

After our decision reinstating dismissed offenses and returning the record for trial, the prosecution advised the military judge and defense counsel that the government was ready to proceed. The defense counsel opposed setting a trial date, indicating an intention to petition for review of this court's decision by the Court of Military Appeals. The military judge denied defense counsel's request for an indefinite continuance and set a trial date of 3 December 1985. Appellant promptly filed a petition for review of our Decision with the Court of Military Appeals and subsequent-

ly moved that court for a stay in the trial proceedings. While the petition and motion were pending before the Court of Military Appeals, the appellant filed a motion with the military judge, again requesting an indefinite continuance, pending a decision by that court. The trial judge initially deferred ruling on this motion, but subsequently granted it due to the severe illness of the defense counsel. Following defense counsel's recovery, a new trial date was set. Before trial resumed, the Court of Military Appeals affirmed this court's decision on the Article 62 appeal. *U.S. v. Solorio*, 21 M.J. 251 (C.M.A.1986).

■ The real question presented by his speedy trial assignment of error is how we should assess the time while this Court's ruling was being challenged at the Court of Military Appeals. Is it to be counted as part and parcel of the government's appeal under Article 62 and, therefore, to be excluded per Rule for Courts–Martial 707(c)(1)(D)[1] when computing the speedy trial rule's 120 days? If not excluded under that provision, is it excluded as delay at defense request or consent under Rule for Courts–Martial 707(c)(3)?[2] Finally, should the 120 days simply start running anew from the date of this Court's decision on the Article 62 appeal rather than the initial date when notice to the accused of preferral of charges was given? The appellant says no to all these questions, that all of the time should be counted against the government and result in dismissal of all charges for exceeding the 120 day time limit for commencement of trial. The government disagrees contending that under no circumstances should the disputed time be charged to the government.

It is not necessary for us to decide whether, in light of *United States v. Britton*, 26 M.J. 24 (C.M.A.1988), the 120 day

clock should be reset to commence again from the date we reinstated charges dismissed by the judge, since it is clear to us that after our action appellant desired a delay in the trial to permit appeal to the U.S. Court of Military Appeals. In addition to requesting a continuance from the trial judge, the accused subsequently petitioned the Court of Military Appeals for an order to stay proceedings. The trial judge deferred ruling on the continuance request, setting a date, instead, that was mutually satisfactory to trial and defense counsel. As the government points out, appellant's argument against excluding this period is based almost entirely on the theory that there was no "causal connection" between his requests for delay and the resulting continuance, characterizing it as a "unilateral scheduling" of the trial by the military judge. We have no hesitation rejecting this argument.

However the appellant's actions to this point are characterized, on 1 November 1985 he again requested an indefinite continuance. Even by appellant's accounting, this was before the 120 day clock would have run. We find no fault with the military judge's initial decision to defer ruling on this request, for it is entirely conceivable that the Court of Military Appeals could have rendered a decision on either the Article 62 appeal or appellant's motion for a stay prior to the scheduled trial date. Deferring action does not change the nature of appellant's request, nor does the subsequent illness of the defense counsel, which merely adds an independent basis for granting the motion. Even if that trial date settled upon by the judge was not a date specifically requested by the accused, a delay in the proceeding had been requested and was certainly with appellant's consent. The time in question was properly excluded under Rule for Courts–Martial

---

**1.** Rule for Courts–Martial 707(c) provides for certain exclusions from the 120 days chargeable to the government for bringing the accused to trial, the first of which is:

  1) Any periods of delay resulting from other proceedings in the case, including:

    . . . .

    (D) Any appeal filed under R.C.M. 908 [Government appeal under Article 62, Uniform Code of Military Justice] unless it is determined that the appeal was filed solely for the purpose of delay with the knowledge that it was totally frivolous and without merit. . . .

**2.** Rule for Courts–Martial 707(c)(3) provides for the exclusion of "any period of delay . . . at the request or with the consent of the defense."

707(c)(3) and for that reason assignment one is rejected. The facts of this case are clearly distinguishable from *United States v. Cook*, 27 M.J. 212 (C.M.A.1988); *United States v. Carlisle*, 25 M.J. 426 (C.M.A.1988) and *United States v. Raichle*, 28 M.J. 876 (AFCMR 1989).

We leave for another time the issue of whether Rule for Courts–Martial 707(c)(1)(D), which excludes periods of delay resulting from "[a]ny appeal filed under R.C.M. 908", encompasses all the time relating to appeals beyond the initial ruling by the Court of Military Review. The results may well differ, depending on the party appealing and whether the defense counsel is urging a stay in the proceedings or demanding a speedy trial.

### Assignment of Error II

Tied to this first assignment of error is appellant's second asserted error, that the military judge should have disqualified himself from hearing or deciding the motion to dismiss for lack of a speedy trial because he relied upon matters within his own personal knowledge in ruling on the motion, even where it conflicted with a stipulation of fact. We reject this argument for the reasons articulated by the government to the effect that this is a "bootstrap" argument premised on a misunderstanding of the proper and legitimate role of a military judge in docketing and establishing a record concerning matters which necessarily bear on any issue of speedy trial.

### Assignments of Error IV and V

In his fourth and fifth assignments of error, appellant challenges the sufficiency of the evidence to prove beyond a reasonable doubt that the acts alleged in Additional Charge I and its specification as attempted rape under Article 80, UCMJ, and lascivious acts with a minor female in specification 12 of Charge I under Article 134, UCMJ, occurred within the time required by the statute of limitations. As pointed out by the government, framing this question as one relating to the statute of limitations may be misleading because the dates alleged are well within the statute of limitations and the government is necessarily bound by what it pleaded and proved. Accordingly, the trial court, in order to find appellant guilty as charged, had to be convinced beyond a reasonable doubt by the evidence that the acts occurred as alleged, including the dates. The government argues that the testimony of the alleged victim, which was before the members in three different forms—a video tape of her testimony at the Article 32 investigation, two audio tapes of interviews and her live testimony at trial—provides ample basis for the trial court's findings as to dates.

As asserted in its brief, the government would have us determine on our review simply whether there is sufficient competent evidence to support the findings of guilty. The test that government counsel sets out in the brief is whether there is in the record *some competent evidence* from which the members could find beyond a reasonable doubt the existence of every element of the offense charged. We noted during oral argument our disagreement with this standard for factual review by this Court and recently reiterated in *United States v. Spinner*, 27 M.J. 892 (C.G.C.M.R.1989) the accepted requirement that we must be convinced by the evidence beyond a reasonable doubt before we may affirm. We have applied that standard to the evidence and we are convinced beyond a reasonable doubt that the findings with respect to specification 12 under Charge I and the specification under Additional Charge I are correct. Accordingly, Assignments four and five are rejected.

### Assignments of Error VI and VII

Appellant's assignments six and seven also relate to an evaluation of the evidence. In assignment six, appellant reasserts an argument made to the convening authority in a post-trial brief submitted pursuant to Article 38(c), Uniform Code of Military Justice, 10 U.S.C. § 838(i) that findings of guilty of specifications 2, 5 and 6 under Charge I should be set aside because of the untruthfulness of one of the witnesses. In assessing the evidence in

this regard, we will apply the same standard as before, that we must be convinced beyond a reasonable doubt before we may affirm these findings. In looking at the testimony of the witness in question, we note that she admitted lying initially about a kissing incident. Other witnesses also testified concerning her untruthfulness. Despite the evidence of mendacity, however, we have weighed her testimony in its entirety along with the other evidence of record and believe she was telling the truth with respect to the specifications in question. We reject assignment six because we are convinced beyond a reasonable doubt by the evidence of record. For that reason, specifications 2 and 6 of Charge I may be affirmed.

■ Specification 5 presents another problem, which has been asserted in assignment seven. As acknowledged by the government, the trial court should have deleted language in the specification pertaining to "intent to satisfy the lust and sexual desires ..." when it returned a finding of guilty to the lesser included offense of indecent acts with another, because there is only one possible basis for this lesser finding, that the court was not convinced the accused had the requisite intent. Appellant argues that absent the intent to gratify his lust and sexual desires the finding cannot be approved. We agree. The finding of guilty with respect to specification 5 of Charge I must be set aside and the sentence reassessed accordingly.

### Assignment of Error VIII

■ In assignment of error eight, appellant contends that the military judge erred in failing to give a defense requested instruction on negligent exposure as it related to specifications 2 and 7 of Charge I. We reject this assignment because the standard instructions given by the judge were proper and adequately covered the requirement that the exposures were with the specific intent to gratify the lust and sexual desires of the accused in order for a guilty finding. An additional instruction on negligence was unnecessary.

### Assignments of Error IX, X and XI

■ Appellant assigns as error nine that the trial counsel made improper arguments on findings. The particular portions appellant finds objectionable are as follows:

(a) Throughout all of this, Richard Solorio had the presumption of innocence and you must give him that presumption.

But if you consider all the facts that have been set before you, you realize *there is another presumption and innocence that he has not had any regard for the innocence of youth.* He has taken away that innocence that we presume, and he has stolen it, and he has hurt these girls and their parents; and that is the essence of this crime.

Record of trial at 2283–84 (emphasis added by defense in its brief).

(b) People testified he is a friendly person and a good family person. Yet he takes advantage of *your young children* time and time again. And takes them away from children's pleasures and in the guise of children's pleasures turns them to his own narcissistic pleasures.

Record of trial at 2285 (emphasis added by defense in its brief).

Appellant contends that the trial counsel in the portion of the argument first quoted distorts the law by implying that the accused's presumption of innocence is relative by linking it to the presumed youthful innocence of the alleged victims. In the second quote, appellant asserts that the trial counsel sought to inflame the passions and prejudices of the court members by encouraging them to weigh the evidence as if the offenses alleged had been committed against their own children.

We do not read the trial counsel's argument in this manner. In the first quote, we agree with government counsel that the trial counsel's allusion to presumed youthful innocence is "nothing more than a skillful play on words to focus the members' attention on the nature of the case—the sexual exploitation of otherwise innocent girls." In the second quote, the reference to "your young children" can be seen in the

context of the entire argument as a reference to young children of the Coast Guard community as a whole not to the members' own children. That these portions of the trial counsel's argument were seen as innocuous is born out by the fact that no objection was made at trial nor was there a request for a curative instruction. As further confirmation of this outlook, the issue was not raised by trial defense counsel in the Article 38(c), Uniform Code of Military Justice brief submitted after trial. We, too, find nothing objectionable in the trial counsel's argument and, accordingly, deem assignment of error nine to be without merit.

 We also find assignments ten and eleven, which assert a denial of fair trial and due process from failure to sever Alaska offenses from Governors Island offenses, and prejudicial error from sentencing instructions, to be without merit for the reasons set out by the government. As pointed out by the Government, joinder of offenses in this case was in accord with military law. Moreover, the court members were obviously capable of segregating the facts and law pertaining to each specification. Their acquittal of appellant on several specifications demonstrates that they did not subjectively infer guilt on one set of charges from evidence of guilt as to others. With respect to assignment of error eleven, the Government correctly notes that appellant waived any shortcomings in the sentencing instructions by failing to object to the instructions given or propose additional instructions. Furthermore, despite appellant's assertions here, we find no error in the judge's sentencing instructions.

### Assignment of Error III

[9] Finally, in the remaining assignment of error three, appellant asserts that he has been prejudiced by inordinate and unexplained delay between sentencing and action by the convening authority which warrants the setting aside of findings and sentence and dismissal of charges. We disagree. As pointed out by the government, this is an unusually voluminous record of trial consisting of 2,732 pages of transcript and 872 pages of exhibits for a total of 3,604 pages. There were difficulties encountered in preparation, authentication and copying such a lengthy record compounded by the added demands associated with the collateral proceedings before the U.S. Supreme Court. In light of all factors, including the time necessary for the staff judge advocate and the convening authority to carefully consider the numerous issues raised in appellant's 41 page Article 38(c) brief when reviewing the record itself, the 272 days from sentencing to action by the convening authority is not considered unreasonable. Furthermore, we see no prejudice to the accused resulting from this delay. For these reasons, assignment of error three is rejected.

In light of the foregoing, the findings of guilty as approved by the convening authority are all affirmed, save the finding to specification 5 of Charge I, which is set aside and the specification dismissed. The sentence has been reassessed in light of the dismissal of this specification and is, nevertheless, deemed appropriate. Accordingly, the sentence as approved by the convening authority is affirmed.

Judges BRIDGMAN, JOSEPHSON and BARRY concur.*

* Judge Burgess, who was present for oral argument, did not participate in the decision, having been replaced on the Court by Judge Grace upon retirement from the Coast Guard. Judge Grace did not participate in the decision in this case.