The findings of guilty and the sentence are affirmed.

Judge JOHNSON and Judge NEURAUTER concur.

UNITED STATES, Appellee,

v.

Private E2 Gregory WACTOR, 243–06–3366, United States Army, Appellant.

ACMR 8901115.

U.S. Army Court of Military Review.

27 April 1990.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Patricia D. White, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Maria C. Fernandez, JAGC, Captain Timothy W. Lucas, JAGC (on brief).

Before FOREMAN, SMITH and VARO, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Senior Judge:

A military judge sitting as a general court-martial convicted the appellant, in accordance with his pleas, of possession and distribution of cocaine, escape from custody, and destruction of military property, in violation of Articles 112a, 95 and 108, Uniform Code of Military Justice, 10 U.S.C. §§ 912a, 895, and 908 (1982 & Supp. I 1983). The approved sentence provides for a dishonorable discharge, confinement for 18 months, forfeiture of all pay and allowances and reduction to Private E1.

The appellant contends that the military judge erred by denying the appellant's motion to dismiss the charges for lack of speedy trial. We agree.

In October 1988, the trial defense counsel, who was the senior defense counsel at Fort Bragg, detailed himself and another defense counsel to accompany Fort Bragg units to Honduras for approximately two weeks during the following spring. On 22 December 1988, the appellant was placed in pretrial confinement. On 9 February 1989, the trial defense counsel detailed himself to appellant's case. On 2 March 1989, the case was referred to a general court-martial. The trial defense counsel was notified of the referral on 6 March, and departed for Honduras on 7 March, before the case was docketed. At a docket call on 7 March, the case was docketed for 31 March, ninety-nine days after imposition of pretrial confinement. While in Honduras, the trial defense counsel called Fort Bragg and was informed by another defense counsel that the appellant's case would have been docketed for 13 March, but "[t]hey knew you wouldn't be here for the 13th so they set [sic] for the 31st."

The trial counsel asserted that she had spoken to the trial defense counsel in the hallway on 6 March, and advised him that the next available trial date was the 13th, to which she asserted that he said, "Well, that'll have to be all right." The trial

defense counsel had no recollection of the conversation. In his findings of fact, the military judge did not determine whether the conversation had taken place.

■ The government has the burden of bringing an accused to trial within prescribed time limits. *United States v. Cook,* 27 M.J. 212 (C.M.A.1988); Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 707. "Each day that an accused is available for trial is chargeable to the government, unless a delay has been approved by either the convening authority or the military judge, in writing or on the record." *United States v. Carlisle,* 25 M.J. 426, 428 (C.M.A.1988). *See United States v. Givens,* 28 M.J. 888 (A.F.M.C.R. 1989) (government is responsible for delay where trial date is result of informal conversation between staff judge advocate and trial defense counsel, which results in a misunderstanding). Defense acquiescence does not relieve the government of its burden. The record must at least show that the defense expressly agreed to the delay. *United States v. McCallister,* 24 M.J. 881, 890 (A.C.M.R.1987), *aff'd on related grounds,* 27 M.J. 138 (C.M.A.1988). Misconduct by the trial defense counsel may estop an accused from claiming lack of speedy trial. *United States v. Burris,* 21 M.J. 140, 144 (C.M.A.1985). But the fact that government representatives may be misled or lulled into believing that the defense is either requesting or acquiescing in a delay does not relieve the government of its burden. *United States v. Raichle,* 28 M.J. 876 (A.F.C.M.R.1989). *See United States v. Carlisle,* 25 M.J. at 428 (charges dismissed even though defense counsel suggested trial date beyond 120–day limit).

■ We disagree with the military judge's finding in this case that the defense counsel misled the trial counsel. The trial defense counsel did nothing. While the trial counsel may have misinterpreted the trial defense counsel's silence, the record does not reflect defense misconduct or sharp practice of the type condemned by military courts in *United States v. Cherok,* 19 M.J. 559 (N.M.C.M.R.1984), *affirmed,* 22 M.J. 438 (C.M.A.1986) and *United States v. Burris,* 21 M.J. 140 (C.M.A.1985).

Furthermore, we are faced with a silent record in this case. We do not know whether the trial defense counsel would have returned from Honduras early or requested a delay if he had been notified by the trial counsel that the case was docketed for 13 March. There is no evidence in the record of military exigency or extraordinary circumstances. Where the government fails to establish a proper record, "it is not for appellate courts to launch a rescue mission." *United States v. Burris,* 21 M.J. at 145.

The findings of guilty and the sentence are set aside. The charges are dismissed.

Judge SMITH and Judge VARO concur.