**UNITED STATES, Appellee,**

v.

**Specialist William MONTANINO, Jr., 509–68–7024, United States Army, Appellant.**

**ACMR 9100802.**

U.S. Army Court of Military Review.

31 July 1992.

For Appellant: Captain Alan M. Boyd, JAGC, Captain Antonier L. White, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Timothy W. Lucas, JAGC, Captain Glenn L. Kirschner, JAGC (on brief).

Before JOHNSON, WERNER, and GRAVELLE, Appellate Military Judges.

## OPINION OF THE COURT

GRAVELLE, Judge:

Pursuant to mixed pleas, the appellant was found guilty by a military judge sitting as a general court-martial of unauthorized absence, wrongful appropriation, and two specifications of larceny, in violation of Articles 86 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 921 (1982) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for eleven months, and reduction to Private E1.

The appellant asserts two errors on appeal. First, he asserts that he was denied his right to a speedy trial under R.C.M. 707 [1] because he was not brought to trial within 120 days of notification of preferral of charges. Second, he asserts that the evidence is legally and factually insufficient to support the findings of guilty of the two specifications of larceny. We disagree with both assertions.

Captain (CPT) S represented the appellant through the Article 32, UCMJ, investigation and was then selected by CPT C, the installation senior defense counsel, and by the U.S. Army Trial Defense Service for temporary duty in the Sinai Desert as part of the Multinational Forces and Observers (MFO) task force. After CPT S had deployed in November 1990, CPT C, while expressly not detailing himself as the appellant's defense counsel, represented the appellant at an Article 39(a), UCMJ, session held in December for the limited purpose of determining the appellant's choice of counsel. At that session, the appellant elected to be represented exclusively by CPT S, even after learning that CPT S would not return until March 1991. When asked specifically by the military judge if he was willing to wait until March for CPT S, the appellant answered in the affirmative. The trial counsel argued against the delay and stated that he was ready to proceed to trial at that time. The military judge ruled that the delay until March was a defense delay.

When the trial resumed in April 1991 before a different military judge and with CPT S as the appellant's defense counsel, CPT S moved for dismissal of charges for a violation of the "120 day rule" of R.C.M. 707. [2] After hearing the testimony of CPT C the senior defense counsel, regarding the detailing of CPT S to the MFO mission, and after considerable finger-pointing as to whose responsibility it was for returning the defense counsel to the situs of trial, the military judge found that:

It's clear to me, abundantly, beyond reasonable doubt that this was a defense delay in this case. The initial assigment [sic] of the defense counsel to the Montanino case occurred before, according to the testimony of [CPT C, the senior defense counsel], occurred well before there was any hint of a defense counsel having been—or having had to go with the Force to the Sinai. The selection, therefor [sic], of [CPT S] to go to the Sinai, knowing full well that he had undertaken active responsibility for—or even probable responsibility for a potential GCM case, is a burden that must rest with the Trial Defense Service.

The Trial Defense Service cannot abdicate its responsibility to its client simply by saying that they've been assigned to Task Forces [sic] in the Sinai or sent overseas. And, in this case, the defense counsel remained actively assigned to the US Army Trial Defense Service throughout that entire period, even though he might have been attached to Task Force 2/14. And, I find it a very hard argument to believe, and I do not accept it, that the Trial Defense Service can simply say, "It's a government responsibility to bring this defense counsel back," not taking any—and then sitting back and reaping the benefits of any possible delay in courts-martial cases.

. . . .

Moreover, the accused on at least two separate occasions, indicated that he

---

1. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 707 [hereinafter R.C.M.].

2. There was a defense-requested delay between 17 March and 1 April. This defense delay is not in dispute in this case.

wished to remain represented by Captain [S] and Captain [S] alone. And, based on those general findings, this delay is defense delay.

Additionally, the military judge found that the delay was excludable under R.C.M. 707(c)(9) as delay for good cause based on unusual operational requirements and military exigencies.

■ It is the *government* that bears the burden of bringing an accused to trial in a timely manner. *United States v. Cook*, 27 M.J. 212 (C.M.A.1988); R.C.M. 707. Under the version of R.C.M. 707 in effect at the time of trial, an accused must be brought to trial within 120 days after notification of preferral of charges. R.C.M. 707(a). Periods of time that may be excluded from the government's accountability under this rule include delays "in a proceeding or a continuance in the court-martial granted at the request or with the consent of the defense." R.C.M. 707(c)(3). Also excluded is "[a]ny other period of delay for good cause, including unusual operational requirements and military exigencies." R.C.M. 707(c)(9). Failure to comply with the speedy trial requirements of this rule shall result in dismissal of the affected charges upon timely motion by the accused. R.C.M. 707(e). Finally, a violation of R.C.M. 707 may be waived by a failure of the appellant to object at trial. R.C.M. 905(e).

■ At the outset, we note that the appellant's pleas of guilty to the unauthorized absence and the wrongful appropriation do not waive the speedy trial issue as to those charges. *See United States v. Davis*, 29 C.M.R. 226 (C.M.A.1960); *United States v. Lorenc*, 30 M.J. 619 (N.M.C.M.R.), *pet. denied*, 32 M.J. 1 (C.M.A.1990); *United States v. Angel*, 28 M.J. 600, 601 n. 1 (N.M.C.M.R.1989) (en banc); R.C.M. 905(e). Unlike *United States v. Sloan*, 48 C.M.R.

211 (C.M.A.1974) and *United States v. Demmer*, 24 M.J. 731 (A.C.M.R.1987), the appellant raised the speedy trial issue at trial as to all charges and specifications.

■ The government has not presented us with sufficient facts for us to decide if the deployment of the defense counsel to the Sinai qualified as an "unusual operational requirement" or "military exigency." *See, e.g., United States v. Wactor*, 30 M.J. 821 (A.C.M.R.1990). Therefore, we base our holding on R.C.M. 707(c)(3).

We find that the appellant, aware that CPT S would probably not return until March, affirmatively consented to the delay after the military judge found that the delay would be a defense-requested delay. We hold that the military judge did not err in ruling that the delay was a defense delay and in denying the appellant's motion for dismissal of charges based on a violation of his regulatory speedy trial rights.[3] The appellant's first assertion of error is therefore without merit.

■ The appellant also asserts that the evidence is legally and factually insufficient to prove his guilt beyond a reasonable doubt as to the two contested specifications of larceny. The unrebutted evidence at trial showed that two bank cards made out in the names of two soldiers in the appellant's unit were found among the appellant's own cards in a desk exclusively used by the appellant. The cards were found during a legitimate inventory of the appellant's property while he was absent without leave. The two soldiers whose names appeared on the cards testified that they had opened bank accounts and had asked for bank cards but had never received them. Further, there was evidence that the appellant frequently picked up the mail for his section. Utilizing the standards for

---

3. Because of our holding, it is unnecessary for us to determine in this case the appropriateness, correctness or legal significance of the military judge's comments regarding the Trial Defense Service's responsibilities in selecting this particular defense counsel for overseas deployment. We fully support the independent military defense bar as it has evolved in the Army. However, with that independence comes the responsibility of the Trial Defense Service to insure that existing attorney-client relationships and clients' rights are not jeopardized by operational requirements.

legal and factual sufficiency set out in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *United States v. Turner,* 25 M.J. 324 (C.M.A.1987), respectively, we find that the evidence circumstantially proves the appellant's guilt beyond a reasonable doubt.

The findings of guilty and the sentence are affirmed.

Senior Judge JOHNSON and Judge WERNER concur.