**UNITED STATES, Appellee**

v.

**William MONTANINO, Jr., Specialist U.S. Army, Appellant.**

No. 93–0941.

CMR No. 9100802.

U.S. Court of Military Appeals.

Argued May 5, 1994.

Decided Sept. 19, 1994.

Certiorari Denied Jan. 9, 1995.

See 115 S.Ct. 738.

For Appellant: *Major Robin L. Hall* (argued); *Colonel Stephen D. Smith* and *Lieutenant Colonel James H. Weise* (on brief).

For Appellee: *Captain Glenn L. Kirschner* (argued); *Colonel Dayton M. Cramer* and *Major James L. Pohl* (on brief); *Major Joseph C. Swetnam* and *Captain John G. Giovannelli.*

*Opinion of the Court*

COX, Judge:

A military judge sitting alone as a general court-martial convicted appellant, pursuant to his pleas, of absence without leave and wrongful appropriation of government funds; and, contrary to his pleas, of larceny (two specifications), in violation of Articles 86 and 121, Uniform Code of Military Justice, 10 USC §§ 886 and 921, respectively. The approved sentence provides for a bad-conduct discharge, confinement for 11 months, and reduction to the lowest enlisted grade. The Court of Military Review affirmed the findings and sentence. 35 MJ 565 (1992). We granted review of the following issue:

> WHETHER THE MILITARY JUDGE ERRED BY NOT DISMISSING THE CASE AGAINST [APPELLANT] BECAUSE HE WAS NOT BROUGHT TO TRIAL WITHIN 120 DAYS.

On September 6, 1990, charges were preferred against appellant. Captain C, the senior defense counsel at Fort Drum, New York, detailed Captain S to be appellant's defense counsel. After conducting "numerous conferences" with appellant and representing him through the investigation under Article 32, UCMJ, 10 USC § 832, Captain S was assigned to temporary duty with the Multinational Force and Observers (MFO) in the Sinai Desert. Captain S deployed to that assignment on November 12, 1990.

On December 17, 1990, a session under Article 39(a), UCMJ, 10 USC § 839(a), was conducted for the purpose of determining appellant's choice of counsel. Captain C represented appellant at the hearing, but expressly stated that he had not detailed himself as appellant's defense counsel. When

questioned by the military judge as to whom he wished to represent him at trial, appellant responded, "Captain [S]." Captain C then informed the court that Captain S was not scheduled to return from the Sinai until March 1991. Upon questioning by the military judge, appellant expressly stated he was willing "to wait until March" to begin trial. The Government argued against the delay, however, maintaining that it was prepared to proceed to trial at that time. Accordingly, the Government requested that the military judge declare Captain S unavailable in accordance with Army Regulation (AR) 27–10, and that substitute counsel be appointed to represent appellant. The military judge denied the Government's request, stating:

> [T]he U.S. government sent him there, and ... can bring him back. [U]ntil the U.S. government makes some effort to get him back and fails in that effort, I'm not prepared to say that ... [Captain S is] unavailable and that substitute counsel needs to be appointed.... I'm not prepared to say that he's unavailable because I'm not sure anyone here has told me that if requested, that he wouldn't be returned for whatever it takes to try the case....

Although he saw no basis to appoint separate counsel, the military judge concluded that the delay until March was occasioned by the defense because of appellant's willingness to postpone the trial until Captain S returned from the Sinai.

Captain S returned from the Sinai in late February 1991, and the trial resumed in early March, when appellant was arraigned but did not enter pleas. At defense request further proceedings were delayed until April 1, 1991, before a different military judge. At the April session, Captain S moved to have the charges dismissed for lack of speedy trial, pursuant to RCM 707, Manual for Courts–Martial, United States, 1984. In denying appellant's motion, the new military judge stated:

> It's clear to me, abundantly, beyond reasonable doubt that this was a defense delay in this case. The initial assignment of the defense counsel to the Montanino case occurred before, according to the testimony of Captain [C], occurred well before there was any hint of a defense counsel having been—or having had to go with the Force to the Sinai. The selection, therefore, of Captain [S] to go to the Sinai, knowing full well that he had undertaken active responsibility for—or even probable responsibility for a potential GCM case, is a burden that must rest with the Trial Defense Service.
>
> The Trial Defense Service cannot abdicate its responsibility to its client simply by saying that they've been assigned to Task Forces in the Sinai or sent overseas. And, in this case, the defense counsel remained actively assigned to the U.S. Army Trial Defense Service throughout that entire period, even though he might have been attached to Task Force 2/14. And, I find it a very hard argument to believe, and I do not accept it, that the Trial Defense Service can simply say, "It's a government responsibility to bring this defense counsel back," not taking any—and then sitting back and reaping the benefits of any possible delay in courts-martial cases.
>
>        *     *     *
>
> Moreover, the accused on at least two separate occasions, indicated that he wished to remain represented by Captain [S] and Captain [S] alone. And, based upon those general findings, this delay is defense delay.

Additionally, the military judge determined the delay was excludable under RCM 707(c)(9) (Change 3), as "delay for good cause" based on "unusual operational requirements and military exigencies."

█ The *Government* bears the burden of bringing an accused to trial in a timely manner. *United States v. Cook,* 27 MJ 212, 215 (CMA 1988); RCM 707. Under the version of RCM 707(a) in effect at the time of appellant's trial (Change 3), an accused had to be brought to trial within 120 days of notice to the accused of preferral of charges. This mandate is not without exception however. The 120–day statutory period is tolled for "[a]ny period of delay resulting from a delay in a proceeding or a continuance in the court-

martial granted at the request or with the consent of the defense." RCM 707(c)(3). Failure by the Government to comply with the requirements of RCM 707 "result[s] in dismissal of the affected charges upon timely motion by the accused." RCM 707(e).

■ The Court of Military Review found that the Government did not present "sufficient facts" to enable that court to determine "if the deployment" of Captain S "to the Sinai qualified as an 'unusual operational requirement' or 'military exigency.'" 35 MJ at 567. We have no quarrel with that determination. Although the record suggests that Captain S's presence in the Sinai might have been of an exigent nature, this was not conclusively established. It is unclear whether Captain S could have returned from the Sinai at an earlier date, had the request been made to the proper authorities.

In any event, appellant explicitly agreed to postpone his trial until March 1991, so he could retain Captain S as his defense counsel. Despite this express waiver of his regulatory, speedy-trial rights, appellant contends that the 3–month delay should not be slated as a defense delay because he essentially "was given a Hobson's choice: either he could exercise his right to be represented by detailed counsel with whom he had formed an attorney-client relationship or he could assert his right to a speedy trial, but not both." Final Brief at 10–11.

In our view, appellant's options were not so limited. He could have requested that his trial proceed in a timely fashion *and* that he be represented by Captain S. If this had been the case, it would have been incumbent on the Government to either effect Captain S's timely return from the Sinai or prove he was not "reasonably available" in accordance with Article 38(b)(3)(B), UCMJ, 10 USC § 838(b)(3)(B).[1] Because appellant voluntarily agreed to the delay, however, the Gov-

ernment was not put to this task. Accordingly, we hold the military judge was correct in ruling the postponement was a defense delay and that appellant was not entitled to a dismissal of the charges against him.[2]

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges CRAWFORD and GIERKE concur.

WISS, Judge (dissenting):

The majority does fine, in my view, until the penultimate paragraph in which it holds to the ultimately destructive fire the feet of a lay defendant, unrepresented by defense counsel, who had no earthly idea that he could insist on both a speedy trial and representation by the defense counsel with whom he had an existing attorney-client relationship, Captain Seitsinger. In fact, I do not read in the record at all any mention to appellant at the critical session under Article 39(a), Uniform Code of Military Justice, 10 USC § 839(a), on December 17, 1990, that he had any sort of speedy-trial right—much less the particulars of that right and that a majority of this Court years down the road might deem that he effectively had waived it by saying he was willing to wait for Captain Seitsinger to return to represent him. I have no idea how the majority finds a knowing and intelligent waiver from these facts.

Anyway, I am not at all sure that appellant lawfully can be held to any purported "request" at that session, given the absence from that session of his defense counsel and the ambiguous-at-best status of Captain Coe: Article 39(a) specifically provides that proceedings under its provisions "shall be conducted in the presence of the accused, the defense counsel, and the trial counsel...." Further, RCM 803, Manual for Courts–Martial, United States, 1984, stipulates that ses-

---

1. *See also United States v. Hanson,* 24 MJ 377, 379 (CMA 1987) ("Once counsel has been detailed and an attorney-client relationship established, that relationship may only be severed for good cause shown.").

2. We are concerned by the fact that appellant was not represented formally by counsel at the

December 17 session under Article 39(a), Uniform Code of Military Justice, 10 USC § 839(a). We see no real reason why another member of the Trial Defense Service could not actually participate in the decision whether to go to trial. These are administrative matters which can be readily handled by any competent lawyer.

sions under Article 39(a) "shall be conducted in the presence of the accused, defense counsel, and trial counsel, in accordance with RCM 804 and 805...."

Finally, RCM 805(c) does permit a court-martial session to proceed "[a]s long as at least one qualified counsel for each party is present.... An assistant counsel who lacks the qualifications necessary to serve as counsel for a party may not act at a session in the absence of such qualified counsel." The Discussion following RCM 805 states:

> Ordinarily, no court-martial proceeding should take place if any defense or assistant defense counsel is absent unless the accused expressly consents to the absence. The military judge may, however, proceed in the absence of one or more defense counsel, without the consent of the accused, if the military judge finds that, under the circumstances, a continuance is not warranted and that the accused's right to be adequately represented would not be impaired.

Nothing in this record satisfies me that these provisions were obeyed. In fact, the majority acknowledges in footnote 2 "that appellant was not represented formally by counsel at the December 17 session under Article 39(a),...." I am at a loss to understand how, legally or logically, an unrepresented accused can be held to have made a sensitive balance between competing legal rights (and, indeed, to have recognized that they may not even be competing).

This is not a case of sharp practice or questionable maneuvering to "create" a defense objection through dilemma. *Cf. United States v. Burris,* 21 MJ 140 (CMA 1985). Neither is there any hint that defense counsel was involved in any action that would mislead or inadvertently deceive the Government into delaying the trial to result in a violation of the speedy-trial requirements. *Cf. United States v. Givens,* 30 MJ 294 (CMA 1990); *United States v. Carlisle,* 25 MJ 426 (CMA 1988). Nor is there evidence that appellant was asserting his right to counsel as a ploy to convert a procedural protection into a sword with which to attack the Government for failing to bring him to trial timely. *See United States v. King,* 30 MJ 59 (CMA 1990); *United States v. Cherok,* 22 MJ 438 (CMA 1986).

In fact, as the majority notes, ironically trial counsel resisted delay to await Captain Seitsinger's return; curiously, the military judge chose to rely upon the uncounseled and uninformed decision of appellant that he was willing to wait. No mention was made, however, of how to reconcile *both* of appellant's rights—or even that he *had* both rights.

On this bizarre record, I am unable to find defense "waiver" or defense "request for delay" or whatever it is that the majority latches onto, to the detriment of an apparently sincere and unrepresented accused. Rules are not made so that the defense can twist and manipulate them to the point where justice is distorted; neither are they made so that an unaware and unwary lay accused can be tricked into forfeiting what then, at least, was an important right to speedy trial. *Cf. United States v. Kossman,* 38 MJ 258, 262 (CMA 1993) (Wiss, J., dissenting).