**UNITED STATES, Appellant,**

v.

**Staff Sergeant Rudy L. BURRIS, 281–64–8137, United States Army, Appellee.**

**Miscellaneous Docket No. 1985/8.**

U.S. Army Court of Military Review.

12 June 1985.

Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Joseph A. Rehyansky, JAGC, and Captain Howard G. Cooley, JAGC, were on the pleadings for appellant.

Lieutenant Colonel William P. Heaston, JAGC, Captain Harry L. Williams, Jr., JAGC, and Captain Lorraine Lee, JAGC, were on the pleadings for appellee.

Before SUTER, RABY, and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

### PER CURIAM:

On 1 April 1985, appellee was arraigned before a general court-martial composed of officer members on specifications alleging attempted carnal knowledge, sodomy with a child under the age of 16 years, and indecent acts with a child, in violation of Articles 80, 125, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 925, and 934 (1982) [hereinafter cited as UCMJ]. Prior to the entry of pleas, the military judge granted a defense motion to dismiss the charges and specifications based upon the denial of a speedy trial. Following reconsideration of his decision pursuant to a government motion and the presentation of additional evidence, the military judge again granted the defense motion to dismiss on 15 April 1985. On 15 May 1985, the United States filed an appeal with this court pursuant to Article 62(a), UCMJ, and in compliance with Rule for Courts-Martial [hereinafter cited as RCM] 908, to which counsel for the appellee responded on 4 June 1985.

In rendering his decision to grant the defense motion to dismiss, the military judge made specific findings pursuant to which he concluded that the government was accountable for 123 of the 136 days between the restriction of the appellee on 16 November 1985, see RCM 707 and RCM 304, and the initiation of court-martial proceedings on 1 April 1985. Because this 123-day period exceeded the 120 days permitted by RCM 707(a), the military judge dismissed the charges. On appeal, the appellant challenges the military judge's findings with respect to several segments of this pretrial period as inconsistent with the dictates of RCM 707(c) regarding periods excluded from government accountability. Specifically, the appellant challenges the military judge's determination that the government was accountable for 14–17 January 1985, 22 February—25 March 1985, and 26 March—1 April 1985.

This court is empowered to act only with respect to questions of law when resolving appeals by the United States. Article 62(b), UCMJ. See United States v. Poduszczak, 20 M.J. 627, 631 (ACMR 1985); United States v. Postle, 20 M.J. 632, 636 (NMCMR 1985); United States v. Lewis, 19 M.J. 869, 870 (AFCMR 1985). While the question of whether the appellee was denied a speedy trial is ultimately a question of law, there are obviously factual determinations as to time accountability which bear on the speedy trial issue. As a rule, we are bound by the trial judge's resolution of these factual questions and will overturn such factual determinations only if we find an abuse of discretion by the trial judge. See United States v. Yingling, 20 M.J. 593, 594 (NMCMR 1985). "Unless [the trial judge's] findings of fact are wholly unsupported by the evidence, they are ones on which we have no authority to act under Article 62, UCMJ." United States v. Lewis, 19 M.J. at 870; see United States v. Poduszczak, 20 M.J. at 631; United States v. Postle, 20 M.J. at 636; see also United States v. Vanzandt, 14 M.J. 332, 345 (CMA 1982) (in reviewing factual determinations made by the finder of fact, the test to be applied by a court empowered to review only questions of law is "whether the evidence of record supports the factual determinations made [by the finder of fact]"); United States v. Wilson, 13 M.J. 247, 250 (CMA 1982). We will therefore turn to the question of whether there is evidence of

record to support the military judge's factual determinations.

Although RCM 707(a) provides that an accused will be brought to trial within 120 days of the preferral of charges or the imposition of restraint, whichever occurs earlier, several periods of time are expressly excluded from this 120-day period, including "[a]ny period of delay resulting from a delay in a proceeding or a continuance in the court-martial granted at the request or with the consent of the defense." RCM 707(c)(3). With respect to the period 26 March—1 April 1985, the evidence of record establishes that the instant case was initially docketed for 25 March 1985. Having become aware of a likely docketing conflict on that date, the chief judge of the Third Judicial Circuit met with trial and defense counsel on 19 March 1985 to redocket the case. Apparently aware of the potential speedy trial issue, trial counsel requested a trial date during the week of 25 March 1985, and a trial date of 26 March or 28 March 1985 was tentatively arranged pending defense counsel's determination as to the availability of defense witnesses. The circuit chief judge suggested that if the defense witnesses were unavailable for trial on 26 or 28 March, trial would be scheduled as soon as the witnesses were available. When trial defense counsel informed the circuit chief judge on 20 March 1985 that the witnesses would be unavailable on 26 and 28 March 1985, the judge asked if they would be available on 1 April 1985 and defense counsel said they would be. Defense counsel did not request an alternative date. Trial was then scheduled for, and subsequently initiated on, 1 April 1985.

▮▮▮▮ Having carefully reviewed the evidence of record with respect to this issue, we can find nothing in the record to support the trial judge's determination that "[t]he evidence fails to reflect that the defense declined to go to trial on 25 March, or 26 March, or 28 March," or that "the evidence fails to reflect that the defense requested the delay past the 25th of March." On the contrary, the evidence clearly indicates that the defense was not prepared to proceed to trial on 26 or 28 March due to the unavailability of defense witnesses. When he informed the circuit chief judge that he was unable to proceed to trial on either of these dates and assented to a trial date of 1 April 1985, defense counsel clearly engaged in affirmative action which contributed to the pretrial delay.

> [T]he concurrence by the trial defense counsel in establishing the trial date is in effect a request for a defense delay. To conclude otherwise would permit the appellant to profit frcm the action of his own counsel in agreeing to a specific trial date.... While we do not believe he must demand immediate trial under circumstances such as these, he must refrain from affirmative action that establishes or contributes to the delay.

*United States v. O'Neal*, 48 C.M.R. 89, 92 (ACMR 1973). Further, the selection of a trial date on which defense witnesses were able to appear was clearly to the benefit of the accused. The government has not been held accountable "when a continuance or delay is granted solely for the convenience and benefit of the accused." *United States v. Driver*, 49 C.M.R. 376, 378 (CMA 1974); *see also United States v. Boehner*, 11 M.J. 658, 660 (ACMR 1981).

In light of the evidence of record and the applicable case law, we are compelled to find that the military judge abused his discretion in finding that the government was accountable for the period 26 March—1 April 1985. Had this period properly been found attributable to the defense, the amount of time attributable to the government between the initiation of restriction on 16 November 1984 and the initiation of court-martial proceedings on 1 April 1985 would have been 117 days, clearly within the speedy trial time frame specified in RCM 707(a).

Our review of the evidence of record, the applicable rules for courts-martial, and the cases previously cited also convinces us that the military judge abused his discretion in finding the period of 22 February—25 March 1985 attributable to the govern-

ment. The trial defense counsel was presented with a docketing notification on which the trial counsel had indicated an ability and willingness to proceed to trial on 22 February 1985. In response thereto, trial defense counsel indicated a "projected trial date" of 25 March 1985, identifying his reasons for failing to assent to a date of 22 February as including his decision whether to apply for an administrative discharge, witness preparation, his involvement in a lengthy pretrial investigation, and three previously scheduled trials (Appendix III to Appellate Exhibit IV). Each of these reasons is directly related to and for the benefit of defense counsel's effective preparation of his case prior to trial. Among these reasons there is no mention of docketing difficulties. Having received a trial date more than a month after that specified by trial counsel based upon reasons related to effective trial preparation, trial defense counsel cannot later complain that he would have preferred an earlier trial date. *See United States v. Driver*, 49 C.M.R. at 378; *United States v. O'Neal*, 48 C.M.R. at 92; *United States v. Boehner*, 11 M.J. at 660. The military judge's finding that the period 22 February—25 March 1985 was neither at the request of nor with the consent of trial defense counsel is wholly without evidentiary support. The trial defense counsel apparently completed the docketing notice by writing in the trial date of 25 March 1985 and the reasons therefor with his own hand. A finding that this trial date was identified without his consent is consequently unsupportable.[1] We therefore conclude that the military judge's finding that this period was attributable to the government constitutes an abuse of discretion.

In light of our holding as to the periods 22 February—25 March 1985 and 26 March

—1 April 1985, we need not address the remaining findings of the trial judge with respect to which the government appeals.

Under the facts of this case, we find that the military judge erred in dismissing the charges based upon a denial of speedy trial. Accordingly, the appeal of the United States of that ruling is granted. The ruling of the military judge is vacated and the record is remanded for further proceedings.

---

1. Black's Law Dictionary 276 (rev. 5th ed. 1979) defines "consent" as follows:

   A concurrence of wills. Voluntarily yielding the will to the proposition of another; acquiescence or compliance therewith. Agreement; the act or result of coming into harmony or accord. Consent is an act of reason, accompanied with deliberation, the mind weighing as in a balance the good or evil on each side. It means voluntary agreement by a person in the possession and exercise of sufficient mental capacity to make an intelligent choice to do something proposed by another. It supposes a physical power to act, a moral power of acting, and a serious, determined, and free use of these powers. Consent is implied in every agreement.