CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellant**
**v.**
**Specialist JOHNNIE M. MCDONALD**
**United States Army, Appellee**

ARMY MISC 20130768*

Headquarters, 1st Cavalry Division
Patricia Lewis, Military Judge
Lieutenant Colonel R. Tideman Penland, Jr., Staff Judge Advocate

For Appellant: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Captain Kenneth W. Borgnino, JA (on brief).

For Appellee: Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Lieutenant Colonel Jonathan F. Potter, JA; Captain Matthew M. Jones, JA (on brief).

30 September 2013

-----------------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REVIEW
AND ACTION ON APPEAL
BY THE UNITED STATES FILED PURSUANT TO
ARTICLE 62, UNIFORM CODE OF MILITARY JUSTICE
-----------------------------------------------------------------------

Per Curiam:

Appellee is charged with wrongfully possessing child pornography and obstructing justice in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2012) [hereinafter UCMJ]. *See Manual for Courts-Martial, United States* (2012 ed.), pt. IV, ¶¶ 68b.b., 96.b. On 7 May 2013, the United States filed its first appeal with this court pursuant to Article 62, UCMJ, contending that the military judge abused her discretion by suppressing a written statement made by the accused to a special agent of the Army Criminal Investigation Command (CID) on 20 May 2012. Upon our review, we concluded the military judge's findings were incomplete, ambiguous, and unsupported by the record on the predicate issues of whether appellee's 20 May 2012 statement was voluntary, tainted by appellee's prior statement, or inevitable. We then returned the matter to the military judge for

clarification and action. *United States v. McDonald,* ARMY MISC 20130423, 2013 WL 3213336 (Army Ct. Crim App. 24 June 2013) (Mem. Op.).

On 12 July 2013, the military judge held a hearing, pursuant to Article 39(a), UCMJ and received further evidence on the issue regarding the admissibility of appellee's written statement to CID on 20 May 2012. In a written ruling dated 26 July 2013, the military judge again suppressed the statement. The United States then filed their second timely appeal with this court contending that the military judge abused her discretion by suppressing the 20 May 2012 statement. We now review this matter again under Article 62, UCMJ.

## LAW

The standard of review we apply in an appeal by the United States of a military judge's suppression ruling is necessarily deferential:

> "We review a military judge's ruling on a motion to suppress for abuse of discretion." *United States v. Rodriguez,* 60 M.J. 239, 246 (C.A.A.F. 2004) (citing *United States v. Monroe,* 52 M.J. 326, 330 (C.A.A.F. 2000)). "In reviewing a military judge's ruling on a motion to suppress, we review factfinding under the clearly-erroneous standard and conclusions of law under the de novo standard." *United States v. Ayala,* 43 M.J. 296, 298 (C.A.A.F. 1995). "Thus on a mixed question of law and fact . . . a military judge abuses his discretion if his findings of fact are clearly erroneous or his conclusions of law are incorrect." *Id.* The abuse of discretion standard calls "for more than a mere difference of opinion. The challenged action must be 'arbitrary, fanciful, clearly unreasonable, or clearly erroneous.'" *United States v. White,* 69 M.J. 236, 239 (C.A.A.F. 2010) (quoting *United States v. Lloyd,* 69 M.J. 95, 99 (C.A.A.F. 2010)).

> When reviewing matters under Article 62(b), UCMJ, [a service] court may act only with respect to matters of law. *United States v. Gore,* 60 M.J. 178, 185 (C.A.A.F. 2004). "When a court is limited to reviewing matters of law, the question is not whether a reviewing court might disagree with the trial court's findings, but whether those findings are 'fairly supported by the record.'" *Id.* (quoting *United States v. Burris,* 21 M.J. 140, 144 (C.M.A. 1985)). When reviewing a ruling on a motion to suppress, "we consider the evidence in the light most favorable to the prevailing party." *United States v. Cowgill,* 68 M.J. 388, 390 (C.A.A.F. 2010) (quoting *United States v. Reister,* 44 M.J. 409, 413 (C.A.A.F. 1996)).

MCDONALD—ARMY MISC 20130768*

*United States v. Baker*, 70 M.J. 283, 287-288 (C.A.A.F. 2011).

**CONCLUSION**

Upon review of record of trial, including the military judge's ruling dated 26 July 2013, and the briefs of both parties, we find that military judge has not abused her discretion in suppressing appellee's 20 May 2012 statement to CID, and her findings are fairly supported by the record. Therefore, the appeal of the United States pursuant to Article 62, UCMJ, is DENIED, and the trial may proceed.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3