# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant BRIAN W. SCHWISOW**
**United States Army, Appellant**

ARMY MISC 20150720

Headquarters, I Corps and Joint Base Lewis-McChord
Jeffery D. Lippert, Military Judge
Colonel Randall J. Bagwell, Staff Judge Advocate

For Appellant:  Colonel Mark H. Sydenham, JA; Captain Jihan Walker, JA; Captain Carling M. Dunham, JA (on brief).

For Appellee:  Lieutenant Colonel Jonathan F. Potter, JA; Major Andres Vazquez, Jr., JA; Captain Matthew L. Jalandoni, JA (on brief); Lieutenant Colonel Jonathan F. Potter, JA; Major Andres Vazquez, Jr., JA; Captain Matthew L. Jalandoni, JA (Motion for Reconsideration).

22 March 2016

-----------------------------------------------------------------
MEMORANDUM OPINION ON RECONSIDERATION
-----------------------------------------------------------------

CAMPANELLA, Judge:

Appellee was charged with one specification of desertion, four specifications of failure to repair, one specification of assaulting a superior officer, one specification of willfully disobeying a noncommissioned officer, one specification of violating a lawful general order, one specification of distribution of a controlled substance, two specifications of possession with intent to distribute a controlled substance, one specification of possession of a controlled substance, and two[1] specifications of use of a controlled substance in violation of Articles 85, 86, 90, 91, and 112a, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 885, 886, 890, 891, 912a (2012).

---

[1] The military judge dismissed one specification of use of a controlled substance, Specification 5 of Charge VI.  The dismissal of this specification is not at issue in this appeal.

On 6 October 2015, a military judge dismissed all charges and specifications, with prejudice, based on violations of Rule of Courts-Martial 707 [hereinafter R.C.M.], and Article 10, UCMJ.

After review pursuant to Article 62, UCMJ, this court concluded that the military judge abused his discretion in failing to grant the delay and exclude the time to conduct the second R.C.M. 706 board from the R.C.M. 707 120-day clock. On 18 February 2016, we vacated the military judge's ruling to dismiss all charges and specifications and ordered the record to be returned to the military judge for action not inconsistent with the opinion. *United States v. Schwisow*, ARMY 20150720, at *9, 11 (Army Ct. Crim. App. 18 Feb. 2015) (mem. op.).

On 1 March 2016, appellant moved for reconsideration and suggests this court do so en banc. Appellant asserts in his request that the court failed to apply the correct standard of review. This court does not adopt the suggestion for en banc reconsideration but does grant the motion for reconsideration.

Having reconsidered our previous ruling, we affirm our reversal of the military judge's ruling to dismiss all charges and specifications with prejudice and wholly adopt our previous decision. We write again only to address relevant concerns raised by appellant regarding the application of correct standard of review in this case.

## LAW AND DISCUSSION

Appellant argues this court's previous decision in this case conflicts with the holding in *United States v. Burris*, 21 M.J. 140 (C.A.A.F. 1985) *wherein* under Article 62, UCMJ, our review is generally limited to matters of law. With respect to factual matters, we must defer to the findings of the trial judge if those findings are 'fairly supported by the record'. . . ." *United States v. Hatfield*, 43 M.J. 662, 664 (N.M. Ct. Crim. App. 1995) (quoting *United States v. Burris*, 21 M.J. 140, 144 (C.M.A. 1985)) (internal citations omitted). While accurate, this court's analysis does not stop there. This court should not defer to the trial court when the military judge's determinations are not supported by the record or clearly in error.

In an appeal under Article 62 of the military judge's R.C.M. 707 ruling, we review for an abuse of discretion. *See United States v. Dooley,* 61 M.J. 258, 262-63 (C.A.A.F. 2005). In reviewing an interlocutory appeal by the Government, we "may act only with respect to matters of law." Art. 62(b), UCMJ; *see* R.C.M. 908(c) (2). This Court, however, is only "*bound by the military judge's factual determinations unless they are unsupported by the record or clearly erroneous.*" *United States v. Gore*, 60 M.J. 178, 185 (C.A.A.F. 2004) (emphasis added). A finding by this Court that a military judge abused their discretion requires "more than a mere difference of opinion." *United States v. Lloyd*, 69 M.J. 95, 99 (C.A.A.F. 2010). Military judges

2

abuse their discretion when their findings of fact are (1) clearly erroneous, (2) the court's decision is influenced by an erroneous view of the law, or (3) the military judge's decision on the issue at hand is outside the range of choices reasonably arising from the applicable facts and the law. *See Gore*, 60 M.J. at 187 (citing *United States v. Wallace*, 964 F.2d 1214, 1217 n.3 (D.C. Cir. 1992); *United States v. Sullivan*, 42 M.J. 360, 363 (C.A.A.F. 1995)) (emphasis added).

In the present case, we again find the military judge abused his discretion when he asserted that a second R.C.M. 706 inquiry was *not necessary* because that finding of fact was clearly erroneous and was based upon an erroneous view of the law. A request for a 706 board should be granted if the request is in good faith and not frivolous. *See United States v. Nix*, 15 U.S.C.M.A. 578, 582, 36 C.M.R. 76, 80 (1965). Under the facts of this case, a second R.C.M. 706 inquiry requested by defense was necessary and justified. At the time of the defense counsel's second request, the question remained unanswered as to whether appellant suffered from a severe mental disease or defect rendering him unable to appreciate the nature or quality of the wrongfulness of his actions at the time they occurred. The first R.C.M. 706 inquiry was never completed because appellee was found incompetent to stand trial and subsequently he was institutionalized. Once released from Butner FMC (Federal Medical Center), there also was no evidence on the record of a competency determination.

The military judge's patent and unequivocal displeasure regarding the government "allowing" a second R.C.M. 706 board is clear from the record.[2] It is also clear to this court that the military judge's error in conflating the concepts of "competency" and "mental responsibility" not only had a bearing on his opinion regarding whether a second R.C.M. 706 should have taken place – but also influenced the lens through which he viewed the length of time it took to complete it. Given the following comments by the military judge on the matter, this court would be hard-pressed to conclude otherwise:

> Why the defense asked for that other R.C.M. 706 board I don't know. But even more puzzling to the court is why the government acceded to the defense request for the R.C.M. 706 board. There was no reason for it. There was a finding based on the fact that the accused was released from Butner FMC and sent back on 9 January that he was

---

[2] Under the military judge's reasoning, government counsel would face an illogical choice when presented with a defense request for a R.C.M. 706 inquiry. If the government acts favorably on the request, but the military judge later determines the R.C.M. 706 is unnecessary, the time would not be excluded under R.C.M. 707. Such a result encourages unnecessary litigation and disincentivizes the government from fairly considering such a request.

indeed competent to stand trial. Otherwise, he would not have been sent back.[3] So, it is undecipherable to me why the government would accede to a defense request for another R.C.M. 706 board that was not necessary. The accused was competent based on the fact of his release [sic]. The best practice there, if the government had wanted to proceed with this case was to appoint an Article 32 officer and start the trial process back up. But by acceding to the defense request government, who should bear the burden of that? Should that be the defense's burden or should it be the government's burden. The government has the obligation to move the case to trial, not the defense counsel. The defense counsel can't drag their feet unnecessarily or nefariously delay the trial process. In many instances, delay helps the defense. The best practice for the government and the one that I don't understand why the government didn't do and has not been explained to me, is why adequately, is why the government acceded to another R.C.M. 706 review in this case.

. . .

You acceded to a nonsensical defense request for a R.C.M. 706.

. . .

I am not trying to beat a dead horse here because this is largely rhetorical. Because there is no answer to this question from the government. It happened and I don't know what you can tell me to change that fact.

Further, we find that the military judge made a clearly erroneous finding of fact when he asserted that the government, not the defense, requested the second R.C.M. 706 inquiry. The government administratively facilitated the defense request to the convening authority, which plainly asserted defense would be responsible for the delay in conducting the second R.C.M. 706 inquiry. We reiterate it would be an unfair windfall to the defense to allow appellee to benefit from receiving that which they specifically requested.

---

[3] There was no evidence that Butner FMC found him competent.

4

## CONCLUSION

Upon reconsideration, we again grant the appeal of the United States. The military judge's ruling to dismiss all charges and specifications is vacated and the record will be returned to the military judge for action not inconsistent with this opinion.

Senior Judge TOZZI and Judge CELTNIEKS concur.

FOR THE COURT:

JOHN P. TAITT
Acting Clerk of Court